United States District Court
Southern District of Texas
**ENTERED**
March 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELTON HOWARD OPP, TDCJ #2081491, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0442 |
| KRISTINA M. BEGGS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Kelton Howard Opp (TDCJ #2081491), has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), seeking damages for the loss of personal property. The plaintiff is incarcerated and he has been granted leave to proceed without prepayment of the filing fee. Therefore, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained briefly below.

### I. Background

Opp is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at

the Ramsey I Unit in Rosharon.[1]  The defendants are Kristina M. Beggs and Branden J. Opp, both of whom reside in Houston.[2]

Opp's Complaint concerns the loss of personal property and business equipment that reportedly occurred during a foreclosure proceeding.[3]  Opp explains that the defendants had "Power of Attorney" over Opp's property, which was lost when Opp's "homestead was foreclosed upon[.]"[4]  Blaming the defendants for the loss of his personal property and business equipment, Opp seeks a total of $135,000.00 in compensatory damages under 42 U.S.C. § 1983.[5]

## II. **Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a violation of the Constitution or of federal law; and (2) that the violation was committed by someone acting under color of state law. See Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted). The second element, which requires that the alleged violation occur under color of state law, is also known as the "'state action' requirement." Lugar v. Edmondson Oil Co., 102 S. Ct. 2744, 2753 (1982).  In other words, the alleged harm "must be caused by the

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]Id.

[3]Id. at 3-4.

[4]Id. at 4.

[5]Id. at 12.

exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the [s]tate or by a person for whom the [s]tate is responsible." Id.

Opp does not allege facts establishing that the defendants, who appear to be family members related to Opp, acted under state law or that their conduct was fairly attributable to the state for purposes of 42 U.S.C. § 1983. Because it is evident that both of the defendants are private parties and not state actors, Opp does not state a claim for which relief can be granted under § 1983 and his Complaint must be dismissed.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy to by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas.**

**SIGNED** at Houston, Texas, on this 20th day of March, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE